**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PLANET AID, INC., | |
|     Plaintiff, | CIVIL ACTION NO. 3:CV-10-2673 |
|     v. | (JUDGE CAPUTO) |
| HELPING HANDS OF PA, | |
|     Defendant. | |

**MEMORANDUM**

Presently before the Court is Plaintiff Planet Aid, Inc.'s ("Planet Aid") Motion to Amend its Complaint to Add a Party-Defendant. (Doc. 41.) Defendant Helping Hands of PA ("Helping Hands") opposes Planet Aid's request, and argues that it would be prejudiced if amendment was permitted because Planet Aid unduly delayed in seeking amendment. Because there is no evidence that Planet Aid unduly delayed in seeking leave to amend its complaint, nor is their evidence that Helping Hands would be unduly prejudiced by the proposed amendment, Planet Aid's motion will be granted.

**I. Background**

Planet Aid commenced this action against Helping Hands on December 30, 2010. (*Compl*.) Planet Aid, a not-for-profit corporation committed to helping the poor, places large containers or "bins" at various locations throughout the United States in which members of the public can leave used clothing and other items. (*Id*. at ¶ 5-6.) Planet Aid's bins are generally placed at commercial, educational, or religious establishments after receiving the permission of the sites' owner. (*Id*. at ¶ 7.) Planet Aid then recycles the clothing to help fund projects addressing health, education, food production and income generation in third world countries. (*Id*. at ¶ 6.) Plaintiff filed the instant action in response to the conduct of Helping Hands, a non-for-profit clothing collection company, after it allegedly removed Planet Aid's bins from various collection sites, stored Planet Aid's bins in a locked warehouse, and

demanded payment from Planet Aid for the return of the bins. (*Id.*)  Thereafter, Planet Aid received an invoice from Precise Moving and Storage demanding payment of $4,775.00 for the return of the bins. (*Id.* at ¶ 21.)  At the time, however, "[a]ccording to the Offices of the Secretaries of State in New Jersey and Connecticut, Precise Moving [did] not exist as an entity and did not exist as such at the time it contacted Planet Aid." (*Id.* at ¶ 24.)  Planet Aid asserted claims for statutory theft, trespass to chattel, intentional interference with contractual relations, conversion, and unfair and deceptive trade practices against Helping Hands. (*Id.*)  The initial complaint, however, did not name Precise Moving and Storage as a defendant.

On December 30, 2010, Planet Aid also filed a Motion for Preliminary Injunction. (Doc. 3.)  On February 11, 2011, the parties entered into an agreement resolving Planet Aid's request for a preliminary injunction. (Docs. 20; 21.)

On November 29, 2011, a Case Management Order was entered, which provided:

2. The deadline for joining additional parties is **December 15, 2011**.

3. The deadline for amending pleadings is **February 1, 2012**.

4. All discovery shall be completed by **June 1, 2012**.

(Doc. 37 (emphasis in original).)

During discovery, Planet Aid deposed Bernard Steadman, Chamicka Melo, Lenard Steadman, and Xavier McCombs, Jr. (Doc. 42, Ex. A, *Olson Aff.*)  Planet Aid asserts that during the discovery process, it learned that "Helping Hands was not acting alone in its illegal conduct.  Discovery revealed that Helping Hands and a company identified through discovery as Precise Moving & Storage, Inc. (hereinafter 'Precise Moving')" conspired in the unlawful activity alleged in this action.  (Doc. 42, 2.)  While Planet Aid received an invoice from Precise Moving prior to the filing of the instant action, Helping Hands and Precise Moving represented to Planet Aid that Precise Moving was simply a contracted towing

company. (*Olson Aff.*, ¶ 8.) However, discovery revealed that "it was Precise Moving (with the assistance of Helping Hands) that removed, stored, and ultimately destroyed Planet Aid's property in order to place its own clothing collection bins on the sites that formerly contained a Planet Aid collection bin." (*Id*. at ¶ 9.)

Planet Aid also learned during discovery that Helping Hands and Precise Moving have an active and ongoing business relationship for the collection and sale of used clothing. (*Id*. at ¶ 35.) And, "there was, and continues to be, significant overlap between Helping Hands and Precise Moving and both companies acted in concert to remove Planet Aid's property." (*Id*. at ¶ 44.) Furthermore, unlike the averments in Planet Aid's original complaint, Precise Moving "is currently registered with the Secretary of State in New Jersey," and has its principal place of business in New Jersey. (*Id*. at ¶¶ 3, 26.)

Thus, Planet Aid, on July 17, 2012, sought to amend its complaint to add Precise Moving as a Defendant in this action. (Doc. 42, Ex. 5.) The proposed amended complaint submitted by Planet Aid asserts claims against Precise Moving for statutory theft, trespass to chattel, intentional interference with contractual relations, conversion, and unfair and deceptive trade practices. (*Id*.) Helping Hands opposes Planet Aid's request on the grounds that it would unnecessarily delay this matter and justice does not require leave to amend in this case. (Doc. 44.) Specifically, Helping Hands argues that "Plaintiff has unduly delayed in seeking to amend the Complaint when at the time of the filing of the initial Complaint it was in possession of that information that Precise Moving and Storage, Inc. could be named as a party." (*Id*.) Oral argument was held on Planet Aid's request on October 23, 2012. And, as Planet Aid's motion has now been fully briefed, it is ripe for disposition.

## II. Discussion

The Motion for Leave to Amend to Add a Party-Defendant (Doc. 41) will be granted. Leave to amend should be freely given when justice so requires. *See* Fed.R.Civ.P. 15(a).

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. Regarding undue delay as a reason for denying leave to amend, the Third Circuit has held that, "[t]he mere passage of time does not require that a motion to amend . . . be denied on grounds of delay . . . . However, 'at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'" *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted). Specifically, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 274 (internal citation omitted).

Substantial or undue prejudice to the non-moving party may also be reason to deny leave to amend. *See id*. at 273 (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d

Cir.1993)). This inquiry focuses on the hardship to the defendants if amendment were permitted. *See id*. "Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id*.

Here, there is no evidence of undue delay, bad faith, or prejudice. Planet Aid conducted its last deposition within the authorized time period for discovery in this action. During depositions, the proposed additional defendant's role in the alleged illegal conduct was clarified. It was at these depositions that Planet Aid learned that Precise Moving was more than a contracted tower hired by Helping Hands, which supported distinct and independent claims against Precise Moving for the alleged illegal conduct. Shortly thereafter, Planet Aid sought, without delay, to amend its complaint to include Precise Moving as a defendant in this action.

Furthermore, Helping Hands will not suffer substantial or undue hardship, as the claims against it remain largely the same. Thus, additional costs to Helping Hands in defending this action will be minimal. And, even though Planet Aid's motion seeks the inclusion of Precise Moving as a defendant in this action, this should not result in much additional discovery being required from Helping Hands. Accordingly, Planet Aid will be permitted to add Precise Moving as a defendant to this action.

### III. Conclusion

For the above stated reasons, Planet Aid's motion to amend its complaint will be granted.

An appropriate order follows.


October 24, 2012                                     /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                                United States District Judge